UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELE I. HAYES         CIVIL ACTION

VERSUS         No. 17-3841

UNITED STATES OF AMERICA         SECTION I

## ORDER AND REASONS

Before the Court is a motion[1] filed by the City of New Orleans ("the City") to dismiss the negligence claim asserted against it by plaintiff Michele Hayes ("Hayes") on the basis of prescription. Hayes opposes[2] the motion. For the following reasons, the Court will grant the motion and dismiss the claim.

### I.

On July 4, 2014, Hayes "was walking along the sidewalk in the 1200 block of Girod Street close to Loyola Avenue adjacent to the United State[s] Postal Service, Main Post Office in the City of New Orleans."[3] According to Hayes, the sidewalk was "uneven," and as a result she tripped and fell to the ground.[4] Hayes alleges that she suffered injuries from the fall.[5]

After this trip-and-fall incident, Hayes "filed claims for personal injury" with both the U.S. Postal Service and the City.[6] In a letter dated December 30, 2014, the

---

[1] R. Doc. No. 28.
[2] R. Doc. No. 30.
[3] R. Doc. No. 23, ¶ 4.
[4] *Id.* ¶ 10.
[5] *Id.*
[6] *Id.* ¶ 5(a).

1

City informed Hayes that it "respectfully den[ied] any responsibility for [her damages]."[7] The letter stated that "[t]he Risk Management Unit has completed its investigation and review of your claim," and had concluded that "the accident was not caused by any liability on the part of the City."[8] Specifically, the City explained in the letter that "[a] search of the Assessor's property database identified that the owner is responsible for the property located at [the] 1200 block of Girod Street" and that "[a] certified letter was sent out to the owner to notify the owner ('United States of America') of the property abutting this sidewalk defect."[9]

When explaining its effort to notify the abutting property's owner of the issue with the sidewalk, the City referenced the Charter of the City of New Orleans ("City Charter").[10] Hayes alleges that "[t]he [City Charter] on its face shifts maintenance, repair, and tort liability from the municipality to the abutting property owner for sidewalk areas that are not at intersections."[11] Hayes further alleges that "[t]he sidewalk on which [she] fell was not at an intersection."[12]

According to Hayes, the information provided to her by the City in the letter led her to believe that the City was not liable for her injury, but rather "that the only party liable for the sidewalk adjacent to the property in the 1200 block of Girod

---

[7] R. Doc. No. 23-2.
[8] *Id.*
[9] *Id.*
[10] *See id.* The letter indicates that a copy of the City Charter was also provided to Hayes.
[11] *Id.* ¶ 5(d).
[12] *Id.* ¶ 5(e).

2

Street where [she] fell was the United States of America."[13] Hayes thereafter continued to pursue an administrative claim against the United States, but did not further pursue a claim against the City.

After the United States denied her administrative claim,[14] Hayes filed this case against the United States on April 24, 2017.[15] On December 7, 2017, she amended her complaint to add the City as a defendant.[16]

The City now moves to dismiss Hayes' one and only claim against it—a negligence claim arising under Louisiana law—on the ground of prescription.

## II.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint, or any part of it, where a plaintiff has not set forth well-pleaded factual allegations that would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)).

A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[13] *Id.* ¶¶ 5(f), (h).
[14] *See* R. Doc. No. 23-1.
[15] R. Doc. No. 1.
[16] R. Doc. No. 23.

for the misconduct alleged." *Id.* If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

On a Rule 12(b)(6) motion to dismiss, a court limits its review "to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In assessing the complaint, the Court must accept all well-pleaded factual allegations as true and liberally construe all such allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

Where "the complaint on its face show[s] a bar to relief," then dismissal is the appropriate course. *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (internal quotation marks omitted). For example, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see Anderson v. City of New Orleans*, No. 03-3010, 2004 WL 1396325, at *3 (E.D. La. June 18, 2004) (Duval, J.) ("A complaint is subject to dismissal for failure to state a claim upon which relief can be granted if the prescriptive period has run.").

4

## III.

### A.

When a federal court exercises either diversity or supplemental jurisdiction to adjudicate state law claims, state substantive law and federal procedural law apply to those claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). A state's substantive law includes prescriptive statutes and their exceptions. *See Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 111-12 (1945)).

Hayes' negligence claim against the City arises under Louisiana law. Thus, Louisiana substantive law controls the claim.

### B.

#### i.

The City contends that Hayes' negligence claim against it is prescribed.[17] Hayes concedes that she filed this claim outside the applicable prescriptive period.[18]

Under Louisiana law, "a negligence claim is delictual and prescribes [ ] one year" from the date of the injury. *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 478 (5th Cir. 2002); *see also* La. Civ. C. art. 3492. Courts strictly construe prescription statutes in favor of maintaining claims. *Terrebonne Par. Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 320 (5th Cir. 2002). To that end, "[t]he defendant has the initial burden of proving that a tort claim has prescribed." *Id.*

---

[17] R. Doc. No. 28-2, at 3.
[18] *See* R. Doc. No. 30, at 12.

As the City points out, Hayes sustained her injury on July 4, 2014.[19] She then filed a claim directly with the City, which the City denied in a letter dated December 30, 2014.[20] Hayes did not take further action against the City until she brought the City into this case on December 7, 2017—over three years after her trip-and-fall incident.[21] Thus, Hayes' negligence claim against the City is prescribed on its face.[22]

### ii.

Even so, Hayes is not necessarily out of luck. "[O]nce it is shown that more than a year has elapsed between the time of the tortious conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription . . . ." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). One such exception—and the only one identified by Hayes as possibly applicable here—is the doctrine of *contra non valentem*.[23]

"The doctrine of *contra non valentem* was created by the Louisiana courts as an exception to the general rules of prescription." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 517 (5th Cir. 2009). The underlying motivation of the doctrine is fairness: it "prevents the running of liberative prescription where the cause of

---

[19] R. Doc. No. 28-2, at 3.
[20] *See* R. Doc. No. 23-2.
[21] See R. Doc. No. 23.
[22] In her opposition to the City's motion, Hayes asserts that she "has not maintained that the filing of the administrative claim [against the United States] interrupted prescription" of her claim against the City. R. Doc. No. 30, at 12.
[23] *See* R. Doc. No. 23 ¶ 5(i). The full name of the doctrine is *contra non valentem agere nulla currit praescripto*, which translates to: "Prescription does not run against a party unable to act." *Crier v. Whitecloud*, 496 So. 2d 305, 307 n.4 (La. 1986).

6

action is not known or reasonably knowable by the plaintiff." *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993). However, the doctrine creates a small opening, not a gaping hole, and so it "only applies in 'exceptional circumstances.'" *Renfroe v. Louisiana ex rel. Dep't of Transp. & Dev.*, 809 So. 2d 947, 953 (La. 2002) (quoting La. Civ. C. art. 3467). Thus, "*contra non valentem* does not suspend prescription when a litigant is perfectly able to bring his claim but fails or refuses to do so." *Green v. Jefferson Par. Coroner Office*, No. 05-1444, 2006 WL 380476, at *3 (E.D. La. Feb. 16, 2006) (Barbier, J.).

The Louisiana Supreme Court has "recognized four factual situations in which *contra non valentem* prevents the running of liberative prescription," namely:

(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;

(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or

(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

*Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010); *see also Rogers v. Corrosion Prod., Inc.*, 42 F.3d 292, 294 (5th Cir. 1995) (articulating the *contra non valentem*'s "four distinct categories"). Hayes has made it clear that she invokes the

7

doctrine's third situation, or category, as her basis for arguing that her claim against the City is not prescribed.[24]

### iii.

The third category of *contra non valentem* "encompasses the situation where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action." *Marin*, 48 So. 3d at 251. According to the Louisiana Supreme Court, "[t]his category is implicated *only* when (1) the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud or ill practice; (2) the defendant's actions effectually prevented the plaintiff from pursuing a cause of action; *and* (3) the plaintiff must have been reasonable in his or her inaction." *Id.* at 252 (internal citations omitted) (emphasis added); *see also Prevo v. Louisiana ex rel. Dep't of Pub. Safety & Corr. Div. of Prob. & Parole*, 187 So. 3d 395, 399 (La. 2015) (noting that these three elements "must be established in order for the third category of *contra non valentem* to apply").

Hayes asserts in her amended complaint that, at the time that she received the City's December 30, 2014 letter, she "was pro se and detrimentally relied on the designation by the City of New Orleans that the only party liable for the sidewalk adjacent to the property in the 1200 block of Girod Street where the plaintiff fell was the United States of America."[25] She continues her focus on detrimental reliance in her opposition to the City's motion.[26]

---

[24] *See* R. Doc. No. 30, at 8-12.
[25] R. Doc. No. 23, ¶ 5(h).
[26] *See* R. Doc. No. 30, at 9-12.

8

However, detrimental reliance is *not* the standard governing the applicability of *contra non valentem*'s third category. Rather, as the Louisiana Supreme Court has made clear as crystal, Hayes must offer factual allegations that, if proven true, could establish that the City "willfully concealed information from her or made intentional misrepresentations." *Id.*

That is not all. Hayes must also allege facts showing that the City's concealment or misrepresentation "prevented her from pursuing her cause of action." *Id.* Finally, she must demonstrate that her "inaction was reasonable under the fact[s]," with her reasonableness "considered in light of [ ] her education, intelligence and the nature of the [City's] conduct." *Id.* at 400. If—and only if—Hayes satisfactorily pleads all three of these elements may she then overcome the City's motion to dismiss.

**iv.**

Accepting the factual allegations in the complaint as true and construing them in the light most favorable to Hayes, the Court concludes that—at a minimum—Hayes has not met her burden to adequately plead the first and second elements of the third category of *contra non valentem*.[27]

To successfully plead the first element—that "the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud or ill practice," *Marin*, 48 So. 3d at 252—a plaintiff in federal court must satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil

---

[27] Because it is unnecessary to evaluate Hayes' reasonableness in order to resolve the City's motion, the Court will not do so.

9

Procedure. *See, e.g., Green*, 2006 WL 380476, at *3 (applying Rule 9(b) to fraud allegations offered to support the application of *contra non valentem*'s third category); *Martin v. Tesoro Corp.*, No. 11-1413, 2012 WL 1866841, at *4 (W.D. La. May 21, 2012) (Minaldi, J.) (same).[28] Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." While the rule permits "conditions of a person's mind" to be "alleged generally," Fed. R. Civ. P. 9(b), "simple allegations that defendants possess fraudulent intent" will not suffice. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994)). Rather, "plaintiffs must set forth *specific facts* supporting an inference of fraud." *Id.* (quoting *Melder*, 27 F.3d at 1102) (emphasis in original).

In this case, Hayes appears to not even be certain that the December 30, 2014 letter contains misstatements.[29] Yet even if the Court assumes that the letter

---

[28] In *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363 (5th Cir. 2001), the Fifth Circuit observed that Rule 9(b) applies "to *all* averments of fraud, whether they are part of a claim of fraud *or not*." *Id.* at 368 (emphasis added). While the *Lone Star* Court based this observation on the "plain language" of Rule 9(b), *id.* at 368, and while the 2007 amendments to the Federal Rules of Civil Procedure altered this "plain language," the changes made by the amendments were "intended to be stylistic only, rather than substantive." *Horn v. Louisiana State*, No. CV 07-3530, 2008 WL 11355007, at *1 (E.D. La. Apr. 16, 2008) (Africk, J.) (internal quotation marks omitted). As such, the Court sees no reason to question the continued relevance of the *Lone Star* Court's observation with respect to the scope of Rule 9(b). *See Alford v. Chevron U.S.A. Inc.*, 13 F. Supp. 3d 581, 595 (E.D. La. 2014), *order amended on reconsideration* (June 4, 2014) (Vance, J.) (quoting the observation with approval).

[29] In her opposition, Hayes admits that her motivation for bringing the City into this case is the United States' alleged "change in position" on the issue of "responsibility to maintain and repair the sidewalk"—a development that, in her

does, Hayes does not allege *any* facts in either her amended complaint or her opposition to support the inference that the City "*willfully* concealed information from her or made *intentional* misrepresentations" to her. *Prevo*, 187 So. 3d at 399 (emphasis added); *see Green*, 2006 WL 380476, at *3 (concluding that, because "[p]laintiffs fail to allege in either their complaint or their opposition any facts" supporting their "conclusory allegations that defendants conspired to conceal the true cause of their mother's death," "plaintiffs have failed to plead with sufficient particularity that any fraud occurred" and therefore "may not avail themselves of *contra non valentem*").

With respect to the second element—"the defendant's actions effectually prevented the plaintiff from pursuing a cause of action," *Marin*, 48 So. 3d at 252— Hayes does not allege facts that show that any misstatement by the City prevented her from pursuing her cause of action. *See Gover v. Bridges*, 497 So. 2d 1364, 1369 (La. 1986) ("The letter does contain misstatements of fact concerning what occurred during decedent's hospitalization. The issue is, however, whether defendant's statements in this letter prevented plaintiffs from availing themselves of their cause of action."). For example, Hayes does not allege that the City threatened to retaliate against her if she pursued her claim. *Compare Prevo*, 187 So. 3d at 399-400 ("Most importantly, there is no evidence that Officer Phillips threatened plaintiff with consequences if she pursued her legal remedies to determine whether she was in fact required to register [as a sex offender]."), *with Nathan v. Carter*, 372

---

view, renders it "necessary to bring the City of New Orleans in as a joint tortfeasor." R. Doc. No. 30, at 4-5.

11

So. 2d 560, 563 (La. 1979) ("As alleged by plaintiffs, defendants threatened Mrs. Nathan with termination of her compensation benefits if she ever contacted an attorney."). Nor does Hayes allege that the City somehow precluded her from researching the applicable law herself or from obtaining a second opinion from a legal professional. *See Marin*, 48 So. 3d at 252 ("While Exxon misled plaintiffs by not disclosing the extent of the contamination when they learned of it, they certainly did nothing to prevent plaintiffs from investigating the cause of the sugarcane loss for themselves.").

Instead, Hayes' argument is that the City's letter "served to lull" her into inaction—in other words, that the letter convinced her not to further investigate the City's potential liability for her injuries.[30] The problem for Hayes is that the City did nothing, via this letter or anything else, to *prevent* her from further investigation. *See Gover*, 497 So. 2d at 1369 ("None of the errors or misstatements in Dr. Bridges' letter 'effectually prevented' a complete discovery of every fact about her mother's stay in the hospital. Her charts were available. They were never requested."). Hayes simply chose to take the City at its word.[31]

## IV.

---

[30] *Id.* at 9.

[31] The Court notes that Hayes places great significance on the fact that she was not represented by counsel at the time that she received the City's letter. *See* R. Doc. No. 30, at 12-13. This alleged fact bears on the third category's third element: "the plaintiff must have been reasonable in his or her inaction," with reasonableness evaluated "in light of [the plaintiff's] education, intelligence and the nature of the defendant's conduct. *Prevo*, 187 So. 3d at 399-400. As the Court previously mentioned, it is unnecessary to address the third element, as Hayes has failed to satisfy the first two elements. *See supra* note 27.

Hayes' negligence claim against the City is prescribed. Accordingly,

**IT IS ORDERED** that the City's motion is **GRANTED**, and that Hayes' negligence claim against the City is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, February 5, 2018.

                                    **LANCE M. AFRICK**
                           **UNITED STATES DISTRICT JUDGE**